UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY A. HICKS,

                        Plaintiff,

-vs-                                                    Case No.  8:06-cv-2354-T-24MAP

Correctional Officers, G.G. GAMMAD and
B. SPENCER,

                        Defendants.
_____

## <u>ORDER</u>

Pro se prisoner Plaintiff filed this 42 U.S.C. § 1983 complaint alleging that officers

at Hardee Correctional Institution violated his Eighth and Fourteenth Amendment rights.

He contends that his Eighth Amendment rights were violated because he was "exposed to

cruel and unusual punishment by being physically assaulted by the prison guards" and

because Plaintiff was deprived of warmth inside his cell.  He contends that his Fourteenth

Amendment right to due process was violated when the Disciplinary Review Board denied

Plaintiff the opportunity to view the security camera tape to prove that he was not guilty [of

assaulting a defendant].

In support, Plaintiff alleges:

1. On March 22, 2006 Plaintiff Jerry Adams Hicks was physically assaulted by Sergeant G. G. Gammad and Officer B. Spencer with malicious intent.

2. As a result of this experience Plaintiff Hicks, Jerry, suffered a bruised back and neck.

3. On March 22, 06 [sic] [Plaintiff] was placed inside a shower so I could shower after being sprayed with chemical agents by Sergeant G.G. Gammed.  Plaintiff was placed into confinement with only a tee shirt and a

4. [sic] pair of boxers.  I had no sheets or blanket so when the four o'clock shift came on I had asked the officer but they told me that it was my problem. Plaintiff never received a bed roll and it had reached below 58 degrees. Plaintiff was told by [sic] Officer later that night that the heater does not get turned on unless it's below 50 degrees.  At that time all other inmates had 2 blankets and 2 sheets.  Plaintiff stayed this way for 48 hours.

5. Plaintiff is now on maximum lockdown with restricted priviledges [sic] such as family visits, and has suffered mental and physical pain because of the incident on March 22, 06.[sic]

6. I have not received any response from the office of secretary from my grievance appealing the one that I have attached to this civil rights form.

7. Plaintiff claims that Hardee C.I. has lied about the time they had received the informal grievance because they know they gave me a bogus charge of assault on staff.

As relief, Plaintiff seeks $10,000 in money damages.  He also seeks to be released from close management segregation.[1]

Eighth Amendment Claims

Nothing in Plaintiff's exhibits demonstrates that he exhausted his claim that his Eighth Amendment rights were violated by the Defendants' assaulting him, or by the Defendants' depriving him of a bedroll and/or blankets.

---

[1] Plaintiff is now incarcerated at Charlotte Correctional Institution, where he is on close management supervision.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir.1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir.1999) (citing Alexander, 159 F.3d 1326).

In Alexander v. Hawk, [the Eleventh Circuit] noted seven important policies favoring an exhaustion of remedies requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

-3-

159 F.3d at 1327 (quoting Kobleur v. Group Hospitalization & Medical Services, Inc., 954 F.2d 705 (11th Cir.1992)). Each one of those policies is furthered by reading § 1997e(a) to require that a prisoner provide with his grievance all relevant information reasonably available to him. Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir.2000). Thus, in Brown, the Eleventh Circuit held "that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide. It does not require him to provide information he cannot reasonably obtain[.]" Id. at 1210.

Because exhaustion is a pre-condition to suit and because the administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form. Section III.C. of the civil rights complaint form requires Plaintiff to exhaust the administrative grievance procedures at his facility and to attach copies of the grievances, appeals, and responses to the section 1983 complaint as a verification that he has initiated and completed the grievance process.

Nothing in Plaintiff Hicks' complaint demonstrates that he filed a grievance relative to his Eighth Amendment claims while he was incarcerated at Hardee Correctional Institution. Therefore, Plaintiff's Eighth Amendment claims will be dismissed.

Fourteenth Amendment Right to Due Process at Disciplinary Hearing

Plaintiff claims that the Disciplinary Review Board denied him the opportunity to view the security camera tape to prove that he was not guilty [of assaulting a defendant]. Plaintiff's claim for declaratory relief and money damages is not cognizable under § 1983. Edwards v. Balisok, 520 U.S. 641, 644 (1997). The nature of the challenge to the procedures necessarily implies the invalidity of the judgment of the disciplinary review board. Edwards, 520 U.S. 643 (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994) and Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).

In Heck, the Court stated: "We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." Heck, 512 U.S. at 486-487

Even if Plaintiff's claims were not barred by Heck, the claims would not entitle Plaintiff to relief. Prison disciplinary proceedings are not part of a criminal prosecution; therefore the full panoply of rights that are due a defendant in a criminal proceeding does not apply. Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). "In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Id.

Plaintiff's contention that the evidence did not support a finding of guilt has no constitutional merit. The Court, in Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981), cert. denied, 455 U.S. 992 (1982) (footnotes omitted), stated:

> Although the courts are required to recognize a
> constitutional duty to protect prisoners' rights, nevertheless "[t]he

-5-

> Supreme Court has articulated for the federal courts a policy of minimum intrusion into the affairs of state prison administration; state prison officials enjoy wide discretion in the operation of state penal institutions." Williams v. Edwards, 547 F.2d 1206, 1212 (5th Cir. 1977); Campbell v. Beto, 460 F.2d 765, 767 (5th Cir. 1972); Breeden v. Jackson, 457 F.2d 578, 580 (4th Cir. 1972). In reviewing administrative findings under a federal habeas corpus or a section 1983 complaint, the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion. Thomas v. Estelle, 603 F.2d 488, 490 (5th Cir. 1979), reh. denied, 606 F.2d 321 (5th Cir. 1979); Wilwording v. Swenson, 502 F.2d 844, 851 (8th Cir. 1974), cert. denied, 420 U.S. 912, 95 S.Ct. 835, 42 L.Ed.2d 843 (1975); U.S. v. Smith, 464 F.2d 194, 196 (10th Cir.), cert. denied, 409 U.S. 1066, 93 S.Ct. 566, 34 L.Ed 2d 519 (1972). The federal courts cannot assume the task of retrying all prison disciplinary disputes. No de novo review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by "some facts" -- "whether any evidence at all" supports the action taken by the prison officials. Willis v. Ciccone, 506 F.2d 1011, 1018, 1019 n. 11 (8th Cir. 1974).

Further, the Eleventh Circuit held that the district court need only inquire into whether there is "any basis in fact" for the disciplinary team's decision. Inglese v. Warden, 687 F.2d 362, 363 (11th Cir. 1982). Certainly, the disciplinary report, with its statement of facts, its delivery of charges, its report of investigation, and its disciplinary committee action, shows a "basis in fact" for the disciplinary committee's decision. The exhibits Plaintiff filed relative to his disciplinary hearing demonstrate that there was a basis in fact for the disciplinary review board's decision.

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed. The Clerk is directed to enter judgment against Plaintiff and to close this case.

2. That Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is denied. The Clerk is directed to send a copy of this order to Inmate Accounting 1711 Mahan Drive, Tallahassee, FL 32308 Attention: Jeffrey R. Straley, Professional Account Supervisor; Veronica Wold, Government Operations Consultant. The Department of Corrections shall place a lien on the inmate's trust account for court costs and filing fees due.

ORDERED at Tampa, Florida, on January 3, 2007.

SUSAN C. BUCKLEW
United States District Judge

Jerry A. Hicks

-7-